IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–21–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JESSE WALTER CAMPBELL, | |
| Defendant. | |

Before the Court is Defendant Jesse Walter Campbell's Unopposed Motion for Early Termination of Probation. (Doc. 111.) In addition to the Government's lack of opposition to the motion, Campbell indicates that his supervising Probation Officer likewise raises no objection to early termination. (Doc. 112 at 4.)

A court may terminate a term of probation at any time "after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c); *see also* Fed. R. Crim. P. 32.1(c) (stating that no hearing is required to modify a term of probation where the relief is favorable to the defendant and the government does not object). To the extent they are applicable, a court should consider the factors outlined by 18 U.S.C. § 3553(a) to determine whether early termination is appropriate.

Here, the Court is satisfied that early termination is warranted by Campbell's conduct on probation and the interest of justice. On October 19, 2017, the Court imposed a three-year term of probation for Campbell's maintenance of a drug involved premises, in violation of 21 U.S.C. § 856(a)(1)—a felony. (Doc. 88.) Campbell is about five months shy of completing the entirety of his probationary term. Looking to the characteristics of the defendant, 18 U.S.C. § 3553(a)(1), it appears that Campbell has performed well as a probation supervisee. He has never been revoked, and he satisfactorily completed substance abuse counseling when his conditions were revised to require it. (Doc. 112 at 4.) Furthermore, random urine and blood analyses have never revealed that Campbell's sobriety has slipped; accordingly, the condition requiring random monitoring was terminated more than a year ago. (*Id.*)

His success personally is reflected in his professional endeavors. Campbell owns his own business where he employs two people. (*Id.*) This success in business has allowed him to satisfy his financial obligations. (*Id.*)

There is no indication that leaving Campbell's term of probation intact would protect the public from further crimes. 18 U.S.C. §3553(a)(2)(C). He has completed his 300 hours of community service and has broken no laws since his sentence was imposed. (Doc. 112 at 4.) Campbell represents that he remains active in his community and with his family. (*Id.*)

Accordingly, considering the factors set forth in § 3553(a) and in view of Campbell's successful completion of nearly the entirety of his three-year term of probation, IT IS ORDERED that:

(1) The motion (Doc. 111) IS GRANTED pursuant to 18 U.S.C. §3564(c) and Fed. R. Crim. P. 32.1(c);

(2) Defendant Jesse Walter Campbell's term of probation is TERMINATED EARLY, effective immediately; and

(3) The Clerk of Court shall notify the United States Probation Office of the making of this Order.

DATED this 23rd day of April, 2020.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court